

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sam H. Davidson
County Attorney
Hockley County
Levelland, Texas

Dear Sir:

Opinion Number O-5193
Re: Validity of election held
in Anton Independent School
District, Hockley and Lamb
Counties, for purpose of
raising tax rate.

We reply to your letter of July 3, 1943, addressed to the Attorney General of Texas, in which is contained the following Statement of Facts and Argument:

"Statement of Facts:

"Anton Independent School District is in a pretty hard financial condition at this time from the following causes: 1st, their buildings need repair. 2nd, their heating system must be largely replaced. 3rd, there is not enough taxes to properly support schools on account of higher prices for everything.

"For the above reasons there was held on May 29th, 1943, an election by the Anton Independent School District, of Hockley and Lamb Counties, Texas, to determine the raising of the tax rate from $1.00 on the $100.00 of assessed valuation on all property within the School District, to $1.25 on the $100.00 valuation of all property assessed in the District.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Sam H. Davidson, page #2

"The results of the election showed a good
majority in favor of raising the tax rate from
$1.00 to $1.25.

"Argument:

"It is my contention that S. B. No. 362 vali-
dated that election. Both Sec. 1 and 2 of S. B.
No. 362 seem plain enough to me that the above
election was valid.

"There is no contention over this issue, only
the trustees of the Anton Independent District
want to be sure, and I think an opinion from you
is all that is necessary."

Said school district was created by Special Act of
the Thirty-ninth Legislature, effective March 5, 1925. Sec-
tion 2 of said Act, S. B. No. 215, reads as follows:

"Sec. 2. That the said Anton Independent
School District shall have and exercise and is
hereby invested with all of the rights, powers,
privileges, and duties of independent school
districts incorporated under the General Laws
of the State of Texas, for public free school
purposes only, and the board of trustees of said
Anton Independent School District shall have and
exercise, and is hereby invested and charged with
all of the rights, powers, privileges, and duties
conferred and imposed by the General Laws of this
State upon the trustees of independent school dis-
tricts, including the right to levy taxes and issue
bonds of said district to the extent, for the pur-
poses, and subject to all the provisions, limita-
tions, and conditions that said powers may be
exercised under the General Laws of this State by
the trustees of independent school districts in-
corporated under the General Laws of this State;
and all General Laws of this State applicable to
incorporated independent school districts are
hereby applied to and declared to be in full force
and effect with respect to the said Anton Inde-
pendent School District."

Honorable Sam H. Davidson, page #3

Therefore, since its creation, said school district has operated under the General Laws of Texas insofar as taxation and elections therefor are concerned.

Section 1 of the Validating Act of the Forty-eighth Legislature, S. B. 362, referred to in your letter, provides in part as follows:

"All school districts, including common school districts, independent school districts, consolidated common school districts, all county line school districts, including county line common school districts, county line independent school districts, county line consolidated common school districts, county line consolidated independent school districts, rural high school districts, and all other school districts, groups or annexations of whole districts or parts of districts by vote of the people residing in such districts or by action of County School Boards, whether created by General or Special Law in this state, and heretofore laid out and established or attempted to be established by the proper officers of any county or by the Legislature of the State of Texas, and heretofore recognized by either state or county authorities as school districts, are hereby validated in all respects as though they had been duly and legally established in the first instance. All acts of the Boards of Trustees in such districts ordering an election or elections, declaring the results of such elections, levying, attempting or purporting to levy taxes for and on behalf of such school district, and all bonds issued and now outstanding, and all bonds heretofore voted but not yet issued, and all bond assumption tax elections following consolidation elections are hereby in all things validated. The fact that by inadvertence or oversight any act of the officers of any county in the creation of any district was omitted, shall in nowise invalidate such district, and the fact that by inadvertence or oversight any act was omitted by the Board of Trustees of any such district in ordering an election or elections, or in declaring the results thereof, or in levying the taxes for such

Honorable Sam H. Davidson, page #4

district, or in the issuance of the bonds of any such district, shall in nowise invalidate any of such proceedings or any bonds so issued by such districts."

Section 2 of said Act provides:

"All school districts mentioned in this Act are hereby authorized and empowered to levy, assess, and collect the same rate of tax as is now being levied, assessed, and collected therein and heretofore authorized or attempted to be authorized by any act or acts of said districts, or by any Act, whether General or Special, of the Legislature." (Underscoring ours.)

This Validating Act becomes effective August 10, 1943, and speaks of and from said date. 39 Tex. Jur., p. 51, par. 26.

The election held in the Anton Independent School District on May 29, 1943, sought to raise the tax rate from $1.00 to $1.25 on the $100.00 valuation of all property assessed in said district. This was in violation of Article 2784, Revised Civil Statutes, 1925, Section 1 of which provides, as to independent school districts, "for the maintenance of schools therein, an ad valorem tax, not to exceed one dollar on the one hundred dollars valuation of taxable property of the district."

Section 3 of said Article 2784 provides as follows:

"The amount of maintenance tax, together with the amount of bond tax of any district, shall never exceed one dollar on the one hundred dollars valuation of taxable property; and if the rate of bond tax, together with the rate of maintenance tax voted

Honorable Sam H. Davidson, page #5

in the district, shall at any time exceed one
dollar on the one hundred dollars valuation,
such bond tax shall operate to reduce the main-
tenance tax to the difference between the rate
of the bond tax and one dollar."

Since the purpose of said election of May 20th was
unauthorized by any statutory provisions of our State then
in existence, said election was void and of no effect unless
S. B. 362 aforesaid is sufficient to validate same.

"A validating or curative statute is one en-
acted for the purpose of curing defects in past
proceedings or confirming rights arising out of
past transactions. In other words, the object of
such an act is to give effect to the intention
of parties to enable them to carry into effect
that which they have designed and attempted, but
failed of its expected legal consequences, only
by reason of some statutory disability or some
irregularity in their action." (Underscoring
ours.)    39 Tex. Jur., p. 41.

"Ordinarily, curative statutes are by their
very nature intended to act upon past transactions,
and are therefore wholly retroactive." (Underscor-
ing ours.)   Hunt County v. Rains, (Civ. App.) 7 S.W.
(2d) 648, citing 36 Cyc., p. 1221.

In the case of State v. Bradford, (Com. App.) 50 S. W.
(2d) 1065, adopted by our Supreme Court, Commissioner Sharp
wrote:

"The rule is well recognized and supported by
sound principles that what the Legislature could
have authorized in the first instance it could
ratify, if at the time of ratification it has the
official authority to authorize. Anderson County

Honorable Sam H. Davidson, page #6

Road District No. 8 v. Pollard, 116 Tex. 547,
296 S. W. 1062; Tom Green County v. Moody, 116
Tex. 299, 289 S. W. 381.

"This court has recently reiterated the rule
that, even though an act of an instrumentality
or agent of the state was void in its inception,
because of an unwarranted exercise of power or
because of an entire absence of power, yet the
Legislature may validate such act and make it
live. Lyford Ind. School Dist. v. Willamar Ind.
School Dist. (Tex. Com. App.) 34 S. W. (2) 854;
Pyote Ind. School Dist. v. Dyer (Tex. Com. App.)
34 S. W. (2) 879; Young v. Edna Ind. School Dist.
(Tex. Com. App.) 34 S. W. (2) 857." (Underscoring
ours.)

In School District v. School District, 48 S. W. (2)
616 (Com. App.) Commissioner Critz wrote as follows:

"The order attempting to detach the territory
here involved from the common school district and
attach same to the independent school district in
the manner here attempted was void at the time of
its passage, and is still void unless some general
validating act enacted by the Legislature since
the passage of the order has operated to validate
the independent school district as changed." (Under-
scoring ours.)

The opinion then discusses a validating act relied up-
on to make valid the void order therein considered, and declar-
ed that said validating act was a general act and had operated
to validate the independent school district, as changed by said
void order, citing Desdemona Ind. School Dist. v. Howard (Tex.
Com. App.) 34 S. W. (2) 840; Brown v. Truscott Ind. School Dist.
(Tex. Co,. App.) 34 S. W. (2) 837.

Honorable Sam H. Davidson, page #7

A final quotation from said opinion is as follows:

"From what we have said it is evident that
we held that the order of the county school
board at the time it passed was void. * * *
We further held, however, that the district
is now valid by virtue of the validating act,
supra." (Underscoring ours.)

In the case of Hunt v. Atkinson, (Com. App.) 12 S. W.
(2) 142, Judge Speer held, and the Supreme Court rendered judg-
ment as recommended by the Commission of Appeals, that the City
of Houston's attempt to annex territory by ordinance instead of
by a vote of the qualified voters of the city, as provided for
in Article 1265, then in force, was void and afforded "no author-
ity or 'color of authority' for the attempted annexation of the
territory in question." Such method attempted was wholly un-
known to the law.

However, on motion for rehearing in this same case,
(Com. App.) 17 S. W. (2) 780, Judge Speer states that since
the decision on original submission, and since the issuance of
a writ of prohibition therein, the Legislature had passed a
curative statute, which operated "to make valid all the acts
of the City of Houston which we have heretofore held to have
been without authority of law."

In the light of the foregoing rules and decisions, Sec-
tion 1 of S. B. 362 is valid except as to those school districts,
if any, that have been created by special law since the effect-
ive date of the Amendment of Section 3, Art. 7, Texas Constitu-
tion (adopted at election on November 2, 1926), which Amendment
deprived the Legislature of authority, previously possessed by
it, to create by local or special law, common or independent
school districts. Since the effective date of said amendment,
all school districts must be created by general law. Wood v.
Marfa Ind. School Dist., (Civ. App.) 123 S. W. (2) 429, reversed
on other grounds, 141 S. W. (2) 590; Pritter v. West (Civ. App.)

65 S. W. (2) 414; Er. Ref.; Smith v. Morton Ind. School Dist. (Civ. App.) 85 S. W. (2) 853, dismissed. In all other respects, Sect. 1 is effective. Pyote Ind. Sch. Dist. v. Dyer, (Com. App.) 34 S. W. (2) 578; School Dist. v. School Dist. (Com. App.) 48 S. W. (2) 616; Marfa Ind. School Dist. v. Wood (Com. App.) 141 S. W. (2) 590.

We will now consider Section 2 of S. B. 362, which is the important section in connection with the present inquiry. A close reading of said section reveals that it authorizes and empowers all school districts mentioned in said Act "to levy, assess, and collect the same rate of tax as is now being levied, assessed, and collected therein and heretofore authorized or attempted to be authorized by any act or acts of said districts, or by any Act, whether General or Special, of the Legislature." (Underscoring ours.) The important question for determination then is this: Before August 10, 1945, the effective date of S. B. 362, and on said date, was there being levied, assessed and collected in the Anton Independent School District a tax rate of $1.25, which tax had theretofore been authorized by any act or acts of said district, or by any Act, whether General or Special, of the Legislature. (It must be kept in mind that the only Special Acts of the Legislature referred to herein, which could possibly be covered by this S. B. 362, are those which were passed before Section 3, Article 7, State Constitution, was amended as aforesaid.) It is clear to our minds that no rate of tax above $1.00 was being levied, assessed, and collected in said Anton Independent School District on and prior to August 10, 1945, under or by any act or acts of said district theretofore authorized or attempted to be authorized, or by any act of the Legislature. The necessary requirements contained in said Validating Act are wholly lacking insofar as the Anton Independent School District is concerned. It was contemplated by the election of May 29th to raise the rate of tax in the future to $1.25. The Validating Act, S. B. 362, is a general law and wholly retroactive. It only applies to school districts meeting the requirements of said Act at the time it takes effect and to no other. An essential requirement of a statute cannot be entirely omitted and wholly disregarded. Mobbs v. Millard, 153 S. W. 821, 106 Ark., 563.

It is clear, therefore, to our minds, that S. B. 362,

Honorable Sam H. Davidson, page #9

does not validate the election of May 29th insofar as it attempts to raise the tax rate above $1.00 as provided for in Article 2784, Revised Civil Statutes, 1925.

In view of the disposition we have made of the question submitted by you, we are not called upon to determine and we do not determine the constitutionality of Section 2 of said S. B. 352.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen

L. H. Flewellen
Assistant

LHF-s

APPROVED AUG 18, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN